### T. B. OWENS v. THOMAS W. MITCHELL ET AL.

1. The estate of minors goes into their hands subject to all liabilities incurred by their guardian in managing such property.

2. Suit was properly brought against the guardian, who incurred the liability, and against his wards after they have received their property; and especially has plaintiff such right upon showing the insolvency of the guardian.

3. It is not necessary that accounts for expenses necessary in the management of the estate of a minor, incurred by the guardian, be presented for allowance authenticated as claims presented to an administrator.

ERROR from Fort Bend. Tried below before the Hon. L. Lindsay.

To the September term, 1868, appellant brought suit against Thomas W. Mitchell and Mason and Wm. Briscoe, alleging that for five years next preceding Mitchell had been the guardian of the persons and property of the Briscoes; that said minors owned a large plantation, under the control of their guardian; that for the successful

cultivation of said plantation it became necessary to employ a skillful overseer or manager; that for said purpose he employed plaintiff, in 1862 ; for which services plaintiff was to have reasonable compensation; that plaintiff performed said labor in 'a faithful and skillful manner, for four years ; at expiration of which time plaintiff and said Mitchell accounted, and it was ascertained and agreed that said Briscoes were indebted to plaintiff in the sum of one thousand dollars coin; that no part of said sum had been paid ; that Mitchell is insolvent ; asking a decree against the said property of said minors, etc.

Mitchell made no defense.

The Briscoes pleaded in abatement that the District Court had no jurisdiction; that the claim should properly have been enforced through the county court, sitting for probate business.

The Briscoes further excepted to the petition for misjoinder of parties ; want of bill of items; that the account did not appear to have been presented to the guardian for allowance, and rejected. They also answered by general denial, and in avoidance. ·

October, 1868, the court sustained the exceptions, and dismissed the suit as against the Briscoes. From this judgment an appeal was taken, and was dismissed (33 Texas, 226), there being no final judgment.

February 18, 1871, judgment final was rendered against Mitchell for $814.

The case is brought by writ of error again to this court by the plaintiff.

The errors assigned are :

1. Sustaining the demurrer of the defendants Briscoe to the petition.

2. Dismissing the suit as to the defendants Briscoe, upon the demurrer.

3. Forcing plaintiff to take final judgment against

Mitchell personally, when his prayer was for judgment against the estate of the Briscoes.

*P. E. Pearson*, for plaintiff in error, cited 2 Story's Eq., §§ 1251, 1250; 22 Texas, 347, Young v. Smith; 21 Texas, 801, Caldwell v. Young & Morgan; 25 Texas, 771, Price v. McIver; 27 Texas, 259, Hastings v. Bachelor; Pas. Dig., Arts. 3903, 1311, 1349, 1810; 7 Texas, 51, 52, Harrison v. Knight; Sayles' Probate Law, § 370.

No brief for defendant in error.

WALKER, J.—The plaintiff in error in this case brought his suit against the defendant in error and his wards, Mason and Wm. Briscoe. He sues upon an account stated between himself and the defendants, for work and labor.

The petition sets out a liability against the estate of the Briscoes.

Under an order of the county court Mitchell was carrying on a plantation for the benefit of his wards, and hired the plaintiff as overseer. He might have paid the overseer his wages as one of the necessary expenses, in managing the estate, without proof of the account, further than as to the correctness of the items. There was no necessity for the statutory proof required as to accounts presented for allowance to administrators. The services were rendered under a contract with him as the guardian of the Briscoes' estate—it may be said in pursuance of his authority from the probate court to carry on the plantation.

Mitchell's insolvency is set up in the petition, and the plaintiff claims a judgment that shall bind the estate of the Briscoes, which they resist; but upon what ground of equity they should resist the payment of this debt, we are unable to discover. They are trustees of the estate lately held and managed for them by their guardian for

all just creditors who have valid claims against the guardian in his fiduciary capacity (2 Story's Eq., 687), and the property is ultimately liable if the guardian failed to pay it. If, then, as is alleged, the guardian is insolvent, and the claim is a just one, and the estate has passed into the hands of the Briscoes themselves, their guardian being discharged from his trust, they are bound to pay it.

If, on the other hand, Mitchell is still their guardian, and there are assets remaining in his hands, the judgment already against Mitchell should be paid out of such assets.

A court of equity will not allow parties, who are liable for a debt, to shirk and avoid its payment by technical objections, when all parties to be affected by the decree are properly before the court. If in such case the law, technically administered, furnishes no proper remedy, it is the peculiar province of equity to find one.

We think the court erred in sustaining the demurrer, and dismissing the Briscoes from the record.

The facts may show, as set up under the special answers of the Briscoes, that the services rendered by Owen are not properly chargeable against them; if so, upon the finding of a jury the court will be at no loss to enter the proper decree.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.